1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MIGUEL A. NERI
   FIEL D. TIGNO
3    Supervising Deputy Attorneys General
   LILLIAN Y. TABE, State Bar No. 207338
4  Deputy Attorney General
    1515 Clay Street, 20th Floor
5   P.O. Box 70550
    Oakland, CA  94612-0550
6   Telephone:  (510) 622-2100
    Fax:  (510) 622-2270
7   Email:  Lillian.Tabe@doj.ca.gov

8  Attorneys for California Department of Toxic
   Substances Control, and Jeffrey Wong
9

10

11                    IN THE UNITED STATES DISTRICT COURT

12                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  **JOHN HSU,**                              Case No.:  C08-02586  MHP

15                              Plaintiff,     **ANSWER TO COMPLAINT**

16       v.                                    **[DEMAND FOR JURY TRIAL]**

17  **CALIFORNIA DEPARTMENT OF TOXIC
    SUBSTANCES CONTROL and JEFFREY WONG,
18  in his personal capacity,**

19                              Defendants.

20

21        Defendants California Department of Toxic Substances Control ("DTSC") and Jeffrey

22  Wong, in his personal capacity (collectively hereinafter "Defendants") answer the complaint in

23  this action as follows:

24       1.   In answer to paragraph 1, Defendants deny that Plaintiff resides at P.O. Box 1255,

25            Berkeley, California, 94701, phone (510) 841-5992.  Defendants are without

26            knowledge of information sufficient to form a belief at this time as to the truth of

27            whether this is a current mailing address and phone number for Plaintiff, and on that

28            basis, deny the allegations.

Defendants' Answer to Complaint – Case No.  C 08-02586 MHP
                                    1

2. In answer to paragraph 2, Defendants admit that DTSC has an office located at 1001 "I" Street, Sacramento, California 95814.

3. In answer to paragraph 3, Defendants admit that Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5, and 42 U.S.C. Section 1983. Except so admitted, Defendants deny the remaining allegations contained in the said paragraph.

4. In answer to paragraph 4, including subparagraphs (a) through (r), inclusive, Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny them.

5. In answer to paragraph 5, Defendants deny each and every allegation.

6. In answer to paragraph 6, including subparagraphs (a) through (zz), inclusive, Defendants affirmatively allege that the facts provided by Plaintiff in support of his legal claim are vague and ambiguous. Due to the ambiguity of Plaintiff's allegations in this paragraph, Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny them.

7. In answer to paragraph 7, Defendants deny the allegations.

8. In answer to paragraph 8, Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny them.

9. In answer to paragraph 9, Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny them.

10. In answer to paragraph 10, Defendants admit that Plaintiff demands a trial by jury for all claims for which a jury is permitted.

11. In answer to paragraph 11, which sets forth Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to each and every prayer for relief contained therein.

12. Defendants deny all allegations in the complaint not otherwise admitted in this answer.

1   ///

2   AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

3   **<u>AFFIRMATIVE DEFENSE NO. 1</u>**

4   13.  The complaint, and each and every cause of action stated therein, fail to allege facts
5        sufficient to constitute a cause of action against Defendants.

6   **<u>AFFIRMATIVE DEFENSE NO. 2</u>**

7   14.  The complaint is uncertain, vague, and ambiguous.

8   **<u>AFFIRMATIVE DEFENSE NO. 3</u>**

9   15.  The complaint, and each and every cause of action stated therein, fail to allege facts
10       sufficient to entitle Plaintiff to the relief request therein.

11  **<u>AFFIRMATIVE DEFENSE NO. 4</u>**

12  16.  The complaint, and each and every cause of action stated therein, are barred, in whole
13       or in part, and the Court lacks jurisdiction over this matter, in whole or in part, to the
14       extent Plaintiff failed to exhaust applicable administrative and judicial remedies as
15       provided under the law.

16  **<u>AFFIRMATIVE DEFENSE NO. 5</u>**

17  17.  The complaint, and each and every cause of action stated therein, are barred to the
18       extent the facts or legal theories alleged by Plaintiff exceed the scope of his claim filed
19       with the applicable administrative agencies, including, but not limited to, the Equal
20       Employment Opportunity Commission ("EEOC") and the California Department of
21       Fair Employment and Housing.

22  **<u>AFFIRMATIVE DEFENSE NO. 6</u>**

23  18.  The complaint, and each and every cause of action stated therein, are barred to the
24       extent the causes of action are outside the applicable statutes of limitations.

25  **<u>AFFIRMATIVE DEFENSE NO. 7</u>**

26  19.  The complaint, and each and every cause of action stated therein, are barred because at
27       all relevant times, Defendants' actions were taken in the legitimate exercise of their
28       official and managerial discretion based on nondiscriminatory reasons.  Any and all

Defendants' Answer to Complaint – Case No.  C 08-02586 MHP

3

conduct by Defendants about which Plaintiff complains was justified under the circumstances as having been a function of reasonable business decisions and judgment. Defendants are therefore not liable for any injury or damages, if any there were.

**AFFIRMATIVE DEFENSE NO. 8**

20. Plaintiff unreasonably failed to take advantage of any preventative or corrective measures provided by Defendants or to otherwise avoid the alleged harm.

**AFFIRMATIVE DEFENSE NO. 9**

21. The complaint is barred because Defendants were not aware of any wrongful conduct, and had no reason to be aware of any wrongful conduct, if there was any.

**AFFIRMATIVE DEFENSE NO. 10**

22. To the extent Defendants were aware of any wrongful conduct, if there was any, Defendants exercised reasonable care to prevent and promptly correct it.

**AFFIRMATIVE DEFENSE NO. 11**

23. The complaint, and each cause of action therein, is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

**AFFIRMATIVE DEFENSE NO. 12**

24. The complaint, and each cause of action therein, is barred, in whole or in part, by the doctrine of sovereign, discretionary, or agency immunity.

**AFFIRMATIVE DEFENSE NO. 13**

25. Defendants acted in good faith and are immune from suit under the doctrines of absolute and/or qualified immunity.

**AFFIRMATIVE DEFENSE NO. 14**

26. If any wrongful activity occurred, or if Plaintiff suffered any injury or damages, it was caused by other parties or persons over whom Defendants had no control.

**AFFIRMATIVE DEFENSE NO. 15**

27. Defendants are not liable for any act or omission of any other person, by way of respondeat superior, agency, or otherwise.

///

**AFFIRMATIVE DEFENSE NO. 16**

28. Plaintiff's claim for damages is barred to the extent that Plaintiff has failed to mitigate his damages, if there were any.

**AFFIRMATIVE DEFENSE NO. 17**

29. To the extent applicable, the complaint, and each and every cause of action stated therein, are barred, in whole or in part, by the after-acquired evidence doctrine.

**AFFIRMATIVE DEFENSE NO. 18**

30. The complaint, and each and every cause of action stated therein, fail to state facts upon which an order of attorneys' fees can be granted.

**AFFIRMATIVE DEFENSE NO. 19**

31. If Plaintiff is entitled to any recovery, such recovery must be reduced pursuant to the doctrine of comparative fault, to the extent applicable.

**AFFIRMATIVE DEFENSE NO. 20**

32. If Plaintiff is entitled to any recovery, Defendants are entitled to set off any prior recoveries, compensation, or benefits Plaintiff has received in connection with the injuries or claims identified in this case and/or any collateral sources.

**AFFIRMATIVE DEFENSE NO. 21**

33. The complaint, and each and every cause of action stated therein, are barred by the doctrines of estoppel, laches, unclean hands, and/or waiver.

**AFFIRMATIVE DEFENSE NO. 22**

34. To the extent Plaintiff has previously raised any of the claims contained in the complaint in a judicial or quasi-judicial forum and such issues were adjudicated, these claims are barred by res judicata and/or collateral estoppel, as well as a failure to exhaust administrative and judicial remedies.

**AFFIRMATIVE DEFENSE NO. 23**

35. Defendants have not deprived Plaintiff of any right guaranteed by law.

**AFFIRMATIVE DEFENSE NO. 24**

36.  No affirmative relief is warranted because any and all occurrences of which Plaintiff complains, if any there were, were due to reasons other than discrimination or retaliation or any other impermissible basis.

### AFFIRMATIVE DEFENSE NO. 25

37.  The complaint, and each cause of action alleged therein, fail to state facts upon which an award of equitable relief can be granted because Plaintiff has an adequate remedy at law and there is no danger of irreparable harm.

### AFFIRMATIVE DEFENSE NO. 26

38.  To the extent applicable, the complaint, and each and every cause of action therein, are barred by privilege, including but not limited to that described in California Civil Code section 47.

### AFFIRMATIVE DEFENSE NO. 27

39.  Defendants would have taken the same challenged actions regardless of Plaintiff's speech.

### AFFIRMATIVE DEFENSE NO. 28

40.  Because the allegations in the complaint are couched in vague and conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may apply in this case.  Accordingly, Defendants reserve the right to assert additional defenses, if and to the extent such defenses are warranted.


ACCORDINGLY Defendants pray that:

1.  Plaintiff take nothing by his complaint;

2.  Defendants be awarded costs of suit incurred herein;

3.  Defendants be awarded its attorneys' fees incurred herein;

4.  Defendants be awarded such other and further relief as the court may deem necessary and proper.

///

///

Defendants' Answer to Complaint – Case No.  C 08-02586 MHP

1    ///

2

3                        **DEMAND FOR JURY TRIAL**

4         Defendants hereby demand a jury trial in this action.

5             Dated:  June 19, 2008

6                                         Respectfully submitted,

7                                         EDMUND G. BROWN JR.
                                          Attorney General of the State of California

8                                         MIGUEL A. NERI
                                          FIEL D. TIGNO
9                                         Supervising Deputy Attorneys General

10

11                                        /S/
                                          LILLIAN Y. TABE
12                                        Deputy Attorney General
                                          Attorneys for Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Answer to Complaint – Case No.  C 08-02586 MHP