FILED

08 AUG 25  PM 3: 30

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  John Hsu
   P. O. Box 1255
2  Berkeley, CA 94701
   H: (510) 841-5992
3

4

5  Plaintiff in pro per

6

7

8              **STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10

11  JOHN HSU,                              )    CASE NO:    C 08-02586 MHP
                                           )
12                     Plaintiff,          )
                                           )    **NOTICE OF PENDENCY OF**
13        v.                               )    **OTHER ACTION OR**
                                           )    **PROCEEDING.**
14                                         )
    CALIFORNIA DEPARTMENT OF               )    (Civ. L.R. 3-13)
15  TOXIC SUBSTANCES CONTROL,              )
            and                            )
16  JEFFREY WONG in his personal           )
    capacity,                              )
17                                         )
                       Defendants.         )
18  _____ )

19

20        Pursuant to Civil Local Rule 3-13, Plaintiff John Hsu ("Hsu") here submits his Notice

21  of Pendency of Other Action or Proceeding. To show the other actions' relationship to the

22  instant action (Case No. C 08 02586 MHP), parenthetical references are made to paragraphs in

23  the 5/22/08 Employment Discrimination Complaint ("Compl.") of the instant case.

24

25                    **INTRODUCTION AND OVERVIEW**

26

27        In 2001, Hsu filed his first Employment Discrimination Complaint against the

28  California Department of Toxic Substances Control ("DTSC") in this Court (Case No. C 01

                                           1.

1   4216 MHP, *Hsu v. DTSC*). (Compl. at 6.j.)  On 8/25/03, DTSC and Hsu reached a settlement

2   to put all past litigations aside and to have a fresh start.  In order to fold the parties not present

3   at the settlement conference into the global settlement, the Honorable Joseph C. Spiro devised

4   a few Stipulated Dismissals for filing in the federal and state courts.  Subsequently, the other

5   parties, including the California Department of Personnel Administration ("DPA"), signed the

6   Stipulated Dismissals, which were later approved by the federal and state courts.  (Compl. at

7   6.k.)

8

9       Just two days after reaching the settlement on 8/25/03, however, DTSC attempted to

10  issue a new "Individual Development Plan" ("IDP") to take the place of the professional

11  "Development Plan" for Hsu in the "Court's Exhibit A" of the 8/25/03 settlement agreement.

12  (Compl. 6.l.)  Then, within a month of DPA's 9/17/03 signing of its Stipulated Dismissal, DPA

13  issued a final decision on the merits against Hsu in an already settled DPA case (Case No. 03-

14  H-0016, *Hsu v. DTSC*; a statutory appeal of performance report), forcing Hsu again to file a

15  Petition for Writ of Mandate and Administrative Mandamus in the state court for judicial

16  review of DPA's 10/8/03 final decision (Alameda County Superior Court Case No.

17  RG03125579, *Hsu v. Director, DPA*).  (Compl. at 6.m.)

18

19      After 2003, Hsu filed several more administrative appeals.  These include appeals of

20  **performance reports** (Compl. at 6.x. & 6.gg.) filed with the DPA, and appeals of **adverse**

21  **actions** (Compl. at 6.t., 6.u., 6.cc., 6.ii., 6.tt., 6.ww. & 6.yy.) filed with the State Personnel

22  Board ("SPB").  In 7/06, Hsu also filed a Request to File Charges with the SPB against Jeffrey

23  Wong ("JW"), Bruce La Belle ("BLB"), and Jarnail Garcha ("JG") of the DTSC.  (Compl. at

24  4.d. etc., & 6.oo.)

25

26      All of the DPA cases have by now proceeded to the state trial and appellate courts.

27

28      For Hsu's appeals of the **2005** and **2006** adverse actions (Compl. at 6.cc., 6.ii. and 6.yy.;

2.

1    SPB Case Nos. 05-2194 & 06-0396, *Hsu v. DTSC*), the SPB issued its final decision on

2    4/22/08, in part in Hsu's favor. On 5/30/08, Hsu timely filed a Petition for Rehearing, which

3    the SPB denied on 8/8/08. The case will proceed to the state court. For Hsu's appeal of the

4    **2007** adverse action (termination from employment; Compl. at 4.b. & 6.vv.; SPB Case No. 07-

5    0848, *Hsu v. DTSC*), DTSC completed its Case-in-Chief on 7/31/08 after 10 days of hearing.

6    Appellant's Case-in-Chief is currently calendared for 10/8/08, 10/9/08, 11/5/08,11/6/08,

7    11/12/08 and 11/13/08. More hearing dates, most likely in 2009, may be added.

8

9          In the Court of Appeal, Hsu has also filed a Petition of Writ of Review of the Workers'

10    Compensation Appeals Board ("WCAB")'s ruling on Hsu's workers' compensation claims

11    (Compl. at 6.ee.) In all but the SPB cases, Hsu represented himself.

12

13          The cases DPA and SPB heard are primarily about specific performance reports and

14    adverse actions. In contrast, the issues in the instant action are primarily about discrimination,

15    retaliation, harassment, hostile work environment, and continuing violation. Yet, the **Exhibits**

16    introduced and the **testimony** given at the administrative hearings would much reduce the need

17    for **discovery** in the instant case. For example, the administrative hearings' Transcripts will

18    show that JG and BLB have freely given false testimony while under oath to tell nothing but

19    the truth. (Compl. at 6.xx.) Discovery in the instant action will thus focus on matters not

20    covered at the administrative hearings. Nevertheless, because Hsu has to spend time in the

21    other concurrent proceedings as well, the discovery in the instant action likely will take a long

22    time.

23

24          Another consideration is that appellate review of the administrative decisions, and the

25    trial court or the administrative agencies' issuance of final decisions after remand, may take

26    several more years. Whether it is advisable for the Court to await the completion of the other

27    pending actions or proceedings before the instant case proceeds to trial may thus be a difficult

28    decision to make.

3.

1    **FURTHER DESCRIPTION OF THE OTHER ACTIONS**

2

3    **DPA Case No. 03-H-0016,** *Hsu v. DTSC*

4

5        Despite DPA's 9/17/03 entry into the global settlement, on 10/8/03 DPA issued a final

6    decision on the merits against Hsu in the already settled case. (Compl. 6.m.)

7

8        On 11/5/03, Hsu timely petitioned the state court for judicial review of DPA's 10/8/03

9    decision. (Alameda County Superior Court Case No. **RG03125579,** *Hsu v. Director, DPA*.)

10   At the trial court, DTSC fully supported DPA's breach (Compl. at 6.m.), and the trial court

11   sustained DTSC's demurrer.

12

13       Hsu appealed the trial court's decision to the California Court of Appeal (Case No.

14   **A105943,** *Hsu v. DPA*). On 4/13/05, the Court of Appeal reversed the trial court's decision. In

15   its 6/14/05 Remittitur, the Court of Appeal awarded the costs on appeal to Hsu. (Compl. at

16   6.m.)

17

18       After remand, in 2007, the trial court in its final decisions ruled for Hsu against DPA

19   but made inconsistent rulings as to whether DTSC was a prevailing party. In addition, the trial

20   failed to apportion, between DPA and DTSC, the costs to Hsu at both the appellate and the trial

21   court levels, and failed to issue timely requested Statement of Decision.

22

23       On 10/3/07, Hsu then filed his second appeal from RG03125579 (filed in 2003) to the

24   California Court of Appeal (Case No. **A119331**). As of 7/28/08, the case has been fully

25   briefed. From the initial 2003 filing in trial court to 2008, almost five years have elapsed.

26

27

28

4.

1  **DPA Case No. 05-H-0026,** *Hsu v. DTSC*

2

3    In 2004, DTSC announced that the "Court's Exhibit A" in the 8/25/03 settlement

4  agreement reached in this Court no longer applied. On 1/19/05 and 5/3/05 (Compl. at 6.q. &

5  6.x.), DTSC then issued new IDPs as part of DTSC's performance reports for Hsu, but the

6  IDPs were in fact Individual **DIMINISHMENT** Plans (Compl. at 4.1. & 6.x.)

7

8    At DPA's hearing of Hsu's appeals of the performance reports, DTSC requested that

9  DPA not hear the IDP portion of the performance reports, (thus the new IDPs, rather than the

10  "Court's Exhibit A," would control the extent of Hsu's professional development). DPA

11  obliged. DPA's hearing officer also took extreme measures to prevent Hsu from asking JW

12  questions to impeach JW. In DPA's final decision against Hsu, DPA announced, for the first

13  time, that in order to prevail in the appeal, Hsu had to prove that Hsu had sustained an "adverse

14  employment action" as a result of the performance report, a requirement clearly absent from the

15  governing statutes (in Gov. Code, §§ 19992-19992.4 & 19992.8-19992.14).

16

17    On 11/29/06, Hsu petitioned the Alameda County Superior Court (Case No.

18  **RG06299902,** *Hsu v. Director, DPA*) for judicial review of DPA's final decision and for

19  determination of the pure questions of law. In 2007, Hsu amended his petition to include new

20  issues including DPA's failure to comply with the competitive bidding statutes and the

21  California Public Records Act ("CPRA"). The trial court denied Hsu's petition without issuing

22  a Statement of Decision, and without expressly determining most of the issues including CPRA

23  and the recurring pure questions of law.

24

25    To further address the CPRA issues, on 11/30/07 Hsu filed a Petition for Writ of

26  Mandate in the California Court of Appeal (Case No. **A119891,** *Hsu v. Superior Court*). On

27  12/13/07, the court dismissed the petition *without prejudice* for refiling in conformance with

28  California Rules of Court.

5.

1    On 1/11/08, Hsu appealed the trial court's other rulings to the California Court of

2  Appeal (Case No. **A120469**, *Hsu v. DPA*). On 7/28/08, Hsu filed Appellant's Opening Brief.

3  Respondents' Briefs will be due on 10/27/08. By stipulation, Appellant's Reply Brief will

4  be due on 12/26/08.

5

6

7  **DPA Case No. 05-H-0120,** *Hsu v. DTSC*

8

9    On 11/22/05, JG issued Hsu a negative performance report (Compl. at 4.p. & 6.gg.),

10  where the IDP portion was a further downgrade from the 5/3/05 IDP. At the hearing of Hsu's

11  appeal, DTSC again requested the hearing officer not to hear the IDP portion of the

12  performance report, and the hearing officer granted DTSC's request. In 2007, after DPA issued

13  a final decision against Hsu, Hsu petitioned the Alameda County Superior Court for judicial

14  review (Case No. **RG07346405**, *Hsu v. Director, DPA*), alleging, among other things, the

15  hearing officer's substantial lack of impartiality.

16

17    Because this case involved the same material **pure questions of law** as in Case No.

18  RG06299902 on appeal to the California Court of Appeal (Case No. A120469), at DPA's

19  request, the trial court **stayed** the trial court proceedings (in case No. RG07346405) pending

20  resolution of the same pure questions of law by the California Court of Appeal (in Case No.

21  A120469; not yet fully briefed).

22

23

24  **SPB Case Nos. 05-2194 & 06-0396,** *Hsu v. DTSC*

25

26    The two cases are Hsu's appeals of the 2005 and 2006 adverse actions (Compl. at 6.cc.

27  & 6.ii.) The two adverse actions covered the same facts and time period as the 11/22/05

28  performance report in DPA Case No. 05-H-0120. At DTSC's request, SPB consolidated the

6.

1  hearing of the two appeals. At the hearing (conducted from 5/06 to 7/07), Hsu was represented

2  by the employee union California Association of Professional Scientists ("CAPS"). On

3  4/22/08 in its final decision, the SPB dismissed DTSC's charges (Compl. at 6.ii.) that Hsu had

4  not timely and efficiently completed Hsu's work assignments. (Compl. at 6.yy.) However, the

5  hearing officer ruled against Hsu in the other issues on the strength of JG's (false) testimony,

6  finding that JG was "credible," and that Hsu's concerns about the hostile work environment

7  were "baseless." On 5/30/08, Hsu petitioned the Board for rehearing and requested the SPB to

8  take judicial notice of JG's prior inconsistent testimony given in various administrative

9  proceedings. (Compl. at 6.xx.) To SPB's request for DTSC to respond, the DTSC, in its very

10  brief (36-line) Opposition containing only conclusory statements, did not deny JG and BLB's

11  patterns of giving inconsistent or false testimony, or JG and BLB's lack of credibility. On

12  8/16/08, Hsu received notice that SPB has denied the petition. Hsu will next request the

13  Alameda County Superior Court for judicial review.

15  After the SPB issued its 4/22/08 Decision, DTSC did not dispute SPB's 4/22/08 finding

16  that in 2005 Hsu had timely and efficiently completed Hsu's work assignments. Thus, DTSC

17  has in effect conceded that JG's 11/22/05 performance report for Hsu (alleging failure to timely

18  complete work assignments) was unfair and inaccurate. DPA's decision in DPA Case No. 05-

19  H-0120 should therefore be reversed.

22  **SPB Case No. 06-2476,** *Hsu v. DTSC*

24  In 7/06, Hsu filed a Request to File Charges filed with the SPB alleging DTSC

25  employees JW, BLB and JG's violations of the California Government Code section 19572,

26  etc. (Compl. at 4.d., 4.e. & 6.oo.) At this time, the case is still open, and has not yet been

27  converted to a case for evidentiary hearing.

7.

1  **SPB Case Nos. 07-0848**, *Hsu v. DTSC*

2

3       In this appeal of the 2007 adverse action (Compl. at 4.b., 6.tt & 6.ww.; for termination),

4  Hsu was again represented by CAPS. The hearing started in 9/07. On 7/31/08 at the end of the

5  10th day of hearing, DTSC rested its Case-in-Chief. Appellant's Case-in-Chief is currently

6  scheduled to begin on 10/8/08. The case will definitely continue into 2009.

7

8

9  **WCAB Case Nos. OAK 328247, 330574, 330575, 339225, 339103**, *Hsu v. DTSC*

10

11       Hsu began working for the State of California in 1979 (Compl. at 6.b.), perfroming

12  primarily laboratory analysis. After Hsu complained about scientific misconduct in 1990

13  (Compl. at 6.d. through 6.gg.), Hsu was reassigned to do primarily desk job. While doing the

14  desk job, Hsu reviewed a large number of scientific documents, serving in part as

15  scientific/technical consultant to the laboratory chief to respond to scientific inquiries from the

16  outside. During this time period from 1991 to 2004, boxes of files accumulated. In the early

17  2000's, Hsu began experiencing lower back pain from lifting the heavy file boxes. In 2005,

18  Hsu's primary job function was shifted back to lab work again because on 1/26/05 DTSC

19  Deputy Director JW had reassigned Hsu to the first-line lab supervisor JG who oversaw routine

20  chemical analysis. (Compl. at 6.r.) The work assignments Hsu received were then primarily

21  entry-level laboratory analysis (–consistent with DTSC's Individual DIMINISHMENT Plan for

22  Hsu). (Compl. at 4.h. & 6.z.)

23

24       On 9/26/05 in the gym after work when attempting to move a 70-lb bar weight, Hsu's

25  back suddenly emitted "pop, pop" sound. The next morning, Hsu felt great pain in his back

26  and could hardly get out of his bed. Hsu suspected that this injury had origin in: (1) the long-

27  term lack of ergonomic support at Hsu's work stations, and (2) the almost month-long

28  laboratory work performed by Hsu in the preceding month (–cyanide analysis; Compl. at 6.dd.)

8.

1    done with Hsu's arms extended into the laboratory hoods to handle various items, further
2    straining Hsu's lower back. The momentary handling of weights on 9/26/05 in the gym then
3    simply triggered the collapse. On 9/29/05 and 10/3/05 when Hsu returned to work, Hsu
4    performed the same experimental work and further aggravated his back injury. On 10/4/05,
5    Hsu reported the injuries to the lab chief. DTSC, however, did not promptly refer Hsu to
6    Kaiser Occupational Health for treatment (Compl. at 6.ee.), but wanted Hsu to seek medical
7    care on Hsu's own, and to continue to perform the same laboratory experiments that had
8    aggravated Hsu's back injuries.

9

10    On 11/30/05, sensing that Hsu's employer would not do a thing for Hsu, Kaiser's
11    Orthopedic Clinic started the paper work for Hsu to file Hsu's first Workers' Compensation
12    Claim. (Compl. at 4.e. & 6.ee.) From 10/4/05 to 2007, five more Workers' Compensation
13    claims arose from Hsu's work-related injuries (primarily to Hsu's back).

14

15    On 1/28/08, a Workers' Compensation Administrative Law Judge ("WCJ") conducted a
16    trial for five of the six claims, but would not hear Hsu's most important claim of long-term
17    cumulative injury. Taking WCJ's words at their face value, the WCAB dismissed Hsu's
18    claims. On 7/22/08, Hsu filed a Petition for Writ of Review with the California Court of
19    Appeal (Case No. **A122120**, *Hsu v. WCAB*) for review of WCAB's final decision. On 8/12/08,
20    the State Compensation Insurance Fund, on behalf of DTSC, filed an Answer to the Petition.
21    Petitioner's Reply to the Answer is due for filing on or about 8/27/08.

22

23

24

25

26

27

28

9.

1          **COURT LOCATIONS**

2

3      California Department of Personnel Administration

4      1515 "S" Street, North Building, Suite 400

5      Sacramento, CA 95814

6

7      State Personnel Board

8      801 Capitol Mall

9      Sacramento, CA 95814

10

11     Workers' Compensation Appeals Board

12     455 Golden Gate Avenue

13     San Francisco, CA 94102

14

15     Alameda County Superior Court

16     1225 Fallon Street

17     Oakland, CA 94612

18

19     California Court of Appeal

20     First Appellate District

21     350 McAllister Street

22     San Francisco, CA 94102

23

24     Dated August 22, 2008              Respectfully submitted,

25

26                                        John Ho

27

28
                                          _____
                                          JOHN HSU, Plaintiff in *pro per*

                                          10.

## CERTIFICATE OF SERVICE

I, the undersigned, certifies as follows:

1. I am over 18 years of age and is not a party to this action.

2. On ____ *8/22/08* ____, I served by U. S. Mail on:

> Lillian Tabe, Esq.
> Department of Justice
> 1515 Clay Street, 20th Floor
> Oakland, CA 94612

the following documents in a sealed envelope with postage paid:

> Notice of Pendency of Other Action or Proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____ *8/22/08* ____ in Berkeley, California,