EDMUND G. BROWN JR.
Attorney General of the State of California
MIGUEL A. NERI
FIEL D. TIGNO
  Supervising Deputy Attorneys General
LILLIAN Y. TABE, State Bar No. 207338
Deputy Attorney General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 622-2100
  Fax:  (510) 622-2270
  Email:  Lillian.Tabe@doj.ca.gov

Attorneys for California Department of Toxic
Substances Control, and Jeffrey Wong

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN HSU,**<br><br>                                    Plaintiff,<br><br>          **v.**<br><br>**CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and JEFFREY WONG, in his personal capacity,**<br><br>                                    Defendants. | Case No.:  C08-02586  MHP<br><br>**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT** |

　　　Pursuant to Local Rule 16-9(a), Defendants California Department of Toxic Substances Control ("DTSC") and Jeffrey Wong (hereinafter collectively "Defendants") submit this separate case management statement.

　　　Although defense counsel has repeatedly informed Plaintiff pro se in writing that Defendants are exercising their right under Local Rule 16-9(a) to file a separate Statement, Plaintiff pro se has disregarded defense counsel's verbal and written notices and insists that the parties must file a joint statement.  It appears Plaintiff pro se is placing reliance on a document that is <u>not</u> part of the Court's orders issued on May 22, 2008.  A true copy of said document, which consists of twenty-one pages, is attached hereto as Exhibit A.  Defense counsel has

Defs.' Case Management Conference Statement –  Case No.  C08-02586 MHP

1

verified with the Court's electronic docket and with District Court Judge Marilyn Hall Patel's docket clerk that the Court's May 22nd Orders consist of the following three documents: Order Setting Initial Case Management Conference and ADR Deadlines (1-page document), Standing Order For All Judges of the Northern District of California regarding Contents of Joint Case Management Statement (2-page document), and Chief Judge Marilyn Hall Patel Standing Orders (1-page document).  Furthermore, Exhibit A contains references to the local rules which do not coincide with the current Local Rules, and do not accurately identify Judge Patel's current courtroom deputy, as verified with Judge Patel's docket clerk.  Although defense counsel has informed Plaintiff pro se of the discrepancy, and repeatedly reminded Plaintiff pro se that Defendants intend to file a separate Case Management Conference statement, Plaintiff continues to state that he is proceeding with filing a "joint" Statement.  Thus, any representation of Defendants' position, or the parties "joint" position on matters in Plaintiff's Statement are merely Plaintiff's mis-characterizations and do not reflect Defendants' input or position.

1.    Jurisdiction and Service:

Plaintiff pro se filed a Complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 against Defendant DTSC, and speech retaliation in violation of 42 U.S.C. § 1983 against Defendant Wong.  Plaintiff also alleges state law breach of contract against Defendant DTSC regarding a settlement agreement they entered into before this Court on August 25, 2003, case nos. C 01-4216 MHP, C 02-2420 MHP.

To Defendants' knowledge, there are no other parties that remain to be served at this time.

2.    Facts:

The factual allegations in Plaintiff pro se's Complaint are vague and ambiguous, however it appears that Plaintiff pro se is alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 against Defendant DTSC, state law breach of contract against Defendant DTSC, and speech retaliation in violation of 42 U.S.C. § 1983 against Defendant Wong.  From the Complaint, it appears that Plaintiff alleges that DTSC has retaliated against him since 1991 for engaging in protected activity because he has filed a complaint about his then-supervisor's scientific misconduct, has filed complaints about employment discrimination, and

for preparing research papers allegedly on the job on matters of public concern. From the Complaint, it appears that Plaintiff alleges, among other things, that Defendant DTSC retaliated against him by failing to promote him when the selected candidates had scored higher than Plaintiff during the interview process, issuing him allegedly undeserved negative performance evaluations when Plaintiff failed or resisted completing his assignments as instructed, and for taking steps to terminate his employment when Plaintiff retired from state service. On August 25, 2003, Plaintiff and Defendant DTSC entered into a settlement agreement before this Court which included a general release of all Plaintiff's claims to date. It also appears that Plaintiff alleges a state law breach of contract claim against Defendant DTSC for allegedly violating the terms of their August 2003 settlement agreement.

     3.   <u>Legal Issues</u>:

Defendants dispute that they discriminated or retaliated against Plaintiff or otherwise violated his rights.

     4.   <u>Motions</u>:

Defendants intend to file a dispositive motion in this matter.

     5.   <u>Amendment of Pleadings</u>:

At this time, Defendants do not expect to amend its defenses.

     6.   <u>Evidence Preservation</u>:

At this time, Defendants are not aware of any evidence preservation issues requiring the Court's attention. Plaintiff pro se has filed several employment claims, including state and administrative appeals that involve the same general set of facts and that are public records.

     7.   <u>Disclosures</u>:

On August 7, 2008, the parties met and conferred in-person and agreed to exchange Initial Disclosures by August 21, 2008. Defendants served Plaintiff its Initial Disclosures on August 21, 2008. As of the date of this Statement, Plaintiff has failed to timely provide Defendants with his Initial Disclosures. On August 26, 2008, after our agreed-upon deadline, Plaintiff faxed a letter and attached his "draft Joint Case Management Statement," wherein there is a section entitled, "Disclosures." However, because it was listed within a document that Plaintiff referred

Defs.' Case Management Conference Statement – Case No. C08-02586 MHP

3

1  to as a "draft," Defendants informed Plaintiff that they had not received his Initial Disclosures as

2  required by Rule 26.

3      8.   Discovery:

4      The parties have yet to conduct any discovery.  At this time, Defendants anticipates

5  discovery needed on the subject of liability and damages, to be completed 30 days before trial,

6  and request that at this time it not be conducted in phases or be limited to or focused on

7  particular issues.

8      At this time, Defendants estimate completing written discovery by December 2008, and

9  completing depositions by March 2009.

10     Defendants file their separate Rule 26(f) Report concurrently.

11     9.   Class Actions:

12     Not applicable.

13     10.  Related Cases:

14     Plaintiff filed a Notice of Pendency of Other Action Or Proceeding on August 25, 2008,

15 listing several state and administrative cases.  At this time, Defendants are not aware of any

16 related case before another judge of this court.

17     11.  Relief:

18     Defendants dispute the existence of liability and damages.  If liability is established,

19 Defendants contend that damages should be calculated to reflect that Plaintiff retired from state

20 service and offset by mitigating factors.

21     12.  Settlement and ADR:

22     On August 7, 2008, defense counsel met and conferred in-person with Plaintiff pro se and

23 discussed the prospects of settlement, and selecting an ADR process.  At this time, early

24 settlement is not possible.  Because communication has become increasingly difficult, beginning

25 at the August 7th meeting with Plaintiff pro se and continuing with Plaintiff's mis-

26 characterizations of that meeting in numerous correspondence following the meeting, Defendants

27 suggest mediation for this case.

28

Defs.' Case Management Conference Statement –  Case No.  C08-02586 MHP

1    13.   Consent to Magistrate Judge For All Purposes:

2    Defendants do not consent to assignment of a magistrate judge for all purposes.

3    14.   Other References:

4    At this time, Defendants believe this case is not suitable for reference to binding arbitration,

5    a special master, or the Judicial Panel on Multidistrict Litigation.

6    15.   Narrowing of Issues:

7    At this time, there are no dispositive or partially dispositive issues appropriate for decision

8    by motion or by agreement known by Defendants.

9    16.   Expedited Schedule:

10   Defendants believe that this case is not the type of case that can be handled on an expedited

11   basis with streamlined procedures.

12   17.   Scheduling:

13   Defendants propose discovery cutoff to be 30 days before trial.  Given Plaintiff pro se's

14   representation of anticipated, extensive written discovery and depositions, Defendants estimate

15   completing written discovery by December 2008, completing depositions by March 2009, and

16   completing expert discovery, if needed, by May 2008.

17   18.   Trial:

18   Defendants have made a demand for jury trial.  At this time, Defendants estimate a twenty

19   court-day trial.

20   19.   Disclosure of Non-party Interested Entities or Persons:

21   Defendant Wong files the Certification of Interested Entities or Persons concurrently.  No

22   such interest known is by Defendant Wong at this time.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Defs.' Case Management Conference Statement –  Case No.  C08-02586 MHP

5

1  20.  <u>Other Matters As May Facilitate the Just, Speedy, and Inexpensive Disposition of</u>
2      <u>This Matter</u>:

3  To Defendants' knowledge, there are no such other matters at this time.

4

5      Dated:  August 29, 2008

6                                              Respectfully submitted,

7                                              EDMUND G. BROWN JR.
                                               Attorney General of the State of California

8                                              MIGUEL A. NERI
                                               FIEL D. TIGNO
9                                              Supervising Deputy Attorneys General

10

11                                             <u>/s/LILLIAN Y. TABE</u>

12                                             LILLIAN Y. TABE
                                               Deputy Attorney General
13                                             Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Case Management Conference Statement –  Case No.  C08-02586 MHP

6

# EXHIBIT A

In accordance with Civ. L.R. 16-4, lead trial counsel who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the attached Proposed Joint Case Management Order and all other matters described in Rule 16(a), (b) and (c) and Civ. L.R. 16-8(b). Counsel shall complete the attached Order and file same not less than ten (10) days in advance of the Conference. If additional space is needed, please attach a separate sheet. Plaintiff's counsel shall bear the responsibility for convening all counsel and completing and filing the Order.

Each party shall be represented at the Scheduling Conference by the lead counsel who will try the case and be prepared to discuss all matters referred to in the preceding paragraph. Counsel shall have authority to enter stipulations and make admissions regarding all matters described herein.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF RULES 4 AND 5, FEDERAL RULES OF CIVIL PROCEDURE AND CIV. L.R. 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

Counsels' appearance at the Scheduling Conference may be excused by leave of court (a phone request to the Courtroom Deputy is necessary) if this matter has been referred to Arbitration, in which case the attached order shall be filed and shall set forth the arbitration status of the case including the date scheduled for hearing, if any has been set, and the continuances which have been granted.

Case Management Conferences and other nondispositive matters may be heard by telephone, if all the parties agree and with approval of the court. Counsel should advise the Courtroom Deputy ten (10) days in advance of the scheduled hearing date of this preference.

MOTIONS TO DISMISS SHALL NOT BE FILED BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE EXCEPT BY LEAVE OF COURT.

***FAILURE TO COMPLY WITH THIS ORDER or the provisions of Fed. R. Civ. P. 16 may be deemed sufficient grounds for dismissal of this cause, default or other appropriate sanctions. (See Rule 16(f)).

MARILYN HALL PATEL
United States District Judge

3

1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10          NORTHERN DISTRICT OF CALIFORNIA
11                                    )
                                      )      CASE NO.
12                                    )
                                      )      JOINT CASE MANAGEMENT STATEMENT
13                                    )      AND PROPOSED ORDER
                                      )
14                                    )
                                      )      CASE MANAGEMENT CONFERENCE
15                                    )
                                      )      DATE:
16                                    )
                                      )      TIME:
17                                    )
                                      )
18  _____      )
19
20          Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly
21   submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial
22   counsel who will try this case met and conferred for the preparation of this Statement as required
23   by Civ. L.R.16-4.
24          The parties make the following representations and recommendations:
25
26
27
28

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
-1-

## CASE MANAGEMENT ORDER

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civil Local Rule 16 and other applicable Local Rules; and shall govern all further proceedings in this action.

IT IS SO ORDERED.


Dated:                    _____
                                MARILYN HALL PATEL
                          United States District Judge

1

Addendum I

2
Motion Preparation

3
These rules also apply to motions for summary judgment, preliminary injunction or other motions requiring evidentiary submissions. The parties shall meet and confer to resolve all
4
evidentiary issues. Those that cannot be resolved shall be handled in the following manner.

5
In connection with motions, the exhibits shall be submitted with a cover sheet listing all exhibits. Opposing counsel shall indicate on the list their objections, if any, by use of a keyed
6
system. The keyed system referred to in these instructions may designate the objection by number or name and shall include an index to the keys or codes unless the number or name is self-evident.
7
For example, a Rule 403, Federal Rules of Civil Procedure, objection may be noted by R.403; an objection that a deposition question assumed facts not in evidence might be referred to as "AF" with
8
the index identifying each such code.

9
Depositions used in connection with a motion shall be filed at the time the oppositions are filed and shall be marked as follows. The entire deposition shall be submitted (if
10
deposition is in one volume; otherwise only the volume containing designated portions shall be provided), one copy only, tabbed as necessary or otherwise marked. Objections shall be noted in
11
the margin by use of a keyed system. This will provide the court with one deposition together with the objections of all the parties appearing on the face of the designated extract.

12

13
Separate motions to strike shall not be filed.

Filing of Undisputed Statements of Fact
14

15
Attention: FILING OF STATEMENTS OF UNDISPUTED FACTS

16
The parties are hereby advised that in all proceedings where a statement of undisputed facts is to be filed, ONLY ONE JOINT
17
STATEMENT, SIGNED BY ALL PARTIES, SHALL BE FILED. Separate statements of undisputed facts are unacceptable, and FAILURE TO
18
FILE ONE JOINT STATEMENT WILL RESULT IN THE STRIKING OF PLEADINGS OR OTHER APPROPRIATE SANCTIONS. If the parties are unable to agree
19
that a fact is undisputed, then that fact is in dispute.

20

21

22

23

24

25

26

27
CASE MANAGEMENT ORDER
28

## Addendum II

Trial Preparation

       All exhibits and all depositions to be used at trial in lieu of live testimony shall be designated prior to trial.  The parties shall meet and confer on all objections to deposition designations and counter-designations and all objections to exhibits in order to resolve evidentiary matters in advance of pretrial.

       Parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at pretrial.  If admission or stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

       The exhibit lists filed with the court in advance of pretrial shall reflect these stipulations and objections by use of a keyed system.  The keyed system referred to in these instructions may designate the objection by number or name and shall include an index to the keys or codes unless the number or name is self-evident.  For example, a Rule 403, Federal Rules of Civil Procedure, objection may be noted by R.403; an objection that a deposition question assumed facts not in evidence might be referred to as "AF with the index identifying each such code.

       One copy of each deposition to be used in lieu of live testimony shall be highlighted or otherwise marked to indicate designations and counter-designations.  Objections shall be noted in the margin of the copy by a keyed system as noted above.  Objections will be ruled on at the time of pretrial.  Therefore, these materials must be filed no later than the date on which the pretrial statement is due.

Addendum III

Preparation of Jury Instructions

Jury instructions will be settled at the time of pretrial. Therefore, all jury instructions shall be submitted with the pretrial filings. In advance of these filings the parties shall do the following:

1. Meet and confer and resolve all jury instructions to the extent possible. Parties are expected to resolve technical or semantic differences.

2. Prepare one joint set of instructions upon which the parties agree.

3. The parties shall submit separately only those instructions upon which there is substantive disagreement. Prior to the required filing date copies of these instructions shall be exchanged and the party or parties objecting to the instruction shall note the basis for the objection on the face of the instruction. Instructions with the objections noted thereon shall be filed with the court by the date of the pretrial filings.

4. An original and two copies of the agreed-upon joint instructions and the separate instructions with objections shall be filed on or before the date for filing the joint pretrial statement and other pretrial materials.

5. The parties shall be prepared to submit three clean copies of instructions without citations, titles, or attribution on or before the date trial commences.

CASE MANAGEMENT ORDER

1  A.    JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION

2

3

4

5

6

7

8

9

10

11

12

13

14  B.    PRINCIPAL ISSUES

15      1.    The principal factual issues that the parties dispute are:

16            a.

17

18            b.

19

20            c.

21

22      2.    The principal legal issues that the parties dispute are:

23            a.

24

25            b.

26

27            c.

28

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1    3.    The following issues as to service of process, personal jurisdiction, subject matter

2          jurisdiction, or venue remain unresolved:

3

4

5    4.    The following parties have not yet been served:

6

7

8    5.    Any additional parties that a party intends to join are listed below:

9    Party                        Additional Parties                      Deadline

10

11

12

13   6.    Any additional claims that a party intends to add are listed below:

14   Party                        Additional Claims                       Deadline

15

16

17

18   C.    ALTERNATIVE DISPUTE RESOLUTION  (Choose one of the following three options.)

19   ☐    ◂This case already has been assigned or the parties have agreed to use the following court

20         sponsored or other ADR procedure (please list the provider if other than the court):

21

22

23         Date by which ADR session to be commenced: _____

24         Date by which ADR session to be completed: _____

25   ☐    The parties have been unable to agree on an ADR procedure.  The party[ies] listed below

26         believes that the case is appropriate for the ADR procedure indicated:

27

28

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
-3-

1   □     All parties share the view that no ADR procedure should be used in this case. The specific

2          basis for that view is set forth below:

3

4          The parties make the following additional suggestions concerning settlement:

5

6

7          The Court hereby orders: _____

8          _____

9          _____

10   D.     CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

11          Parties consent to a jury or court trial presided over by a magistrate judge     □ yes

12                                                                                    □ no

13          The Court hereby refers this case for the following purposes to a magistrate judge:

14          _____

15          _____

16          _____

17   E.     DISCLOSURES

18          The parties certify that they have made the following disclosures:

19          1.     Persons disclosed pursuant to Civ. L.R. 16-5:

20               a.     Disclosed by _____

21                     (1)

22                     (2)

23                     (3)

24                     (4)

25               b.     Disclosed by _____:

26                     (1)

27                     (2)

28                     (3)

1    (4)

2    c.    Disclosed by _____:

3    (1)

4    (2)

5    (3)

6    (4)

7    2.    Categories of documents disclosed under Civ. L.R. 16-5 or produced through formal

8    discovery:

9    a.    Categories of documents disclosed by _____:

10    (1)

11    (2)

12    (3)

13    (4)

14    b.    Categories of documents disclosed by _____:

15    (1)

16    (2)

17    (3)

18    (4)

19    c.    Categories of documents disclosed by _____:

20    (1)

21    (2)

22    (3)

23    (4)

24

25    3.    Each party who claims an entitlement to damages or an offset sets forth the following

26    preliminary computation of the damages or of the offset:

27

28

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

5

1    4.    All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been disclosed

2    as follows:

3    <u>Party</u>                    <u>Type of Policy and Policy No.</u>                    <u>Policy Limits</u>

4

5

6

7

8    5.    The parties will disclose the following additional information by the date listed:

9    <u>Party</u>                    <u>Disclosure</u>                    <u>Deadline</u>

10

11

12

13    6.    Disclosures as required by Fed. R. Civ. P. 26(e) will be supplemented at the

14          following intervals:

15

16

17    F.    EARLY FILING OF MOTIONS

18          The following motions expected to have a significant effect either on the scope of discovery

19    or other aspects of the litigation shall be heard by the date specified below:

20          <u>Moving Party</u>                    <u>Nature of Motion</u>                    <u>Hearing Date</u>

21

22

23

24    G.    DISCOVERY

25          1.    The parties have conducted or have underway the following discovery:

26

27

28

1    2.    The parties have negotiated the following discovery plan:

2

3

4

5

6

7

8

9

10    3.    <u>Limitations on discovery tools</u> in accordance with Civ. L. R. 30-1, 33-1 (specify

11        number):

12        a.    depositions (excluding experts) by:

13            plaintiff(s): _____    defendant(s): _____

14        b.    interrogatories served by:

15            plaintiff(s): _____    defendant(s): _____

16        c.    document production requests served by:

17            plaintiff(s): _____    defendant(s): _____

18        d.    requests for admission served by:

19            plaintiff(s): _____    defendant(s): _____

20    4.    The parties agree to the following limitations on the subject matter of discovery:

21

22

23

24

25    5.    Discovery from experts.    The parties plan to offer expert testimony as to the

26        following subject matter(s):

27

28

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

6.  The Court orders the following additional limitations on the subject matter of discovery: _____

_____

_____

_____

7.  Deadlines for disclosure of witnesses and completion of discovery:

a.  disclosure of identities of all witnesses to be called in each party's case-in-chief:

plaintiff(s): _____

defendant(s): _____

b.  completion of all discovery except from experts (see Civ. L.R. 26-5):

_____

c.  disclosure of identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2):

plaintiff(s): _____

defendant(s): _____

d.  completion of discovery from experts (see Civ. L.R. 26-5):

_____

H.  PRETRIAL AND TRIAL SCHEDULE

1.  Trial date: _____

2.  Anticipated length of trial (number of days):

3.  Type of trial:          jury          court

4.  Final pretrial conference date: _____

5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b), complying with the provisions of Civ. L.R. 16-8(b)(7)-(10) and such other materials as may be required by the assigned judge:

_____

_____

6. Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony): _____

7. Deadline to hear motions directed to the merits of all or part of the case:

_____

NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purposes of Civ. L.R. 16-9(a) which includes preparation of the joint pretrial conference statement and all other materials required by § H.5 above. Lead trial counsel shall also be present at the pretrial conference. (See Fed. R. Civ. P. 16(d).)

I. Date of next case management/status conference: _____

J. OTHER MATTERS

K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL

Identify by name, address and phone number lead trial counsel for each party.

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference.

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

-9-

**TRIAL REQUIREMENTS**
For Matters Before the Honorable Marilyn Hall Patel

PRE-TRIAL SUBMISSIONS:

The following should be prepared:
      (a) Pretrial Statement in accordance with Local Rule 16-9(b)
      (b) Any trial briefs
      (c) Motions in Limine---which should be contained in **one document**
      (d) Jury Instructions:
            1 set contains agreed to instructions
            1 set contains disputed instructions
      (e) Proposed Jury Voir Dire
      (f) Proposed Verdict Form
      (g) Proposed Findings of Facts and Conclusions of Law, if applicable

TRIAL EXHIBITS:

      A special form is used in preparing the Exhibit List which has been attached to these instructions. Counsel are to supply all the requested information with the exception of the two dates boxes.

      Exhibits are to be properly marked with exhibits tags stapled to the upper lefthand corner. If photo or chart is being used as an exhibit the exhibit tag should be placed on the back side of the exhibit.

      A binder containing a copy of each side's exhibits is to be provided for Judge Patel on the day of trial. Each exhibit is to be designated with a label divider and not an exhibit tag. The only exhibits which are tagged are those exhibits which will be admitted into evidence.

      **There should be no duplication of exhibits between the plaintiffs' and defendants' exhibits.**

      Marking of Trial Exhibits: Counsel should fill in the appropriate markers (note: one half of the sheet is designated plaintiff, the other defendant). Please leave the date entered blank. Plaintiff's exhibits should be denoted with numbers: 1, 2, 3, etc. While Defendant's Exhibits should be denoted as: A-1, A-2, A-3, etc. Should there be multiple parties, each party should use a different letter from the alphabet to designate their respective group of exhibits: __-1, __-2, __-3, etc.

ADDITIONAL ITEMS TO BRING TO TRIAL:

Please be sure to bring 6 copies of your Exhibit List.

A glossary would be helpful setting forth the names of the witnesses and any unusual terms that may come up during trial.

Be sure to bring the original and a clean copy of any deposition(s) your office has taken of any witnesses, who will be called to testify at trial. The original deposition will be handed to the Court during testimony, and the clean copy of the given to the witness during examination.

PLEASE NOTE:

Should a daily transcript be desired, arrangements will need to be made with Robert Stuart, Supervisor Court Reporting Services: (415) 522-2079 -- at least 10 days in advance of the trial date.

If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained in advance of the trial date for the items to clear security.


If you have any questions regarding these instructions please contact Terry Carroll, Courtroom Deputy to Judge Patel, at: (415) 522-2034.

(4/98)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Case No.: _____    Date: _____

_____ vs. _____

( ) PLAINTIFF'S  ( ) DEFENDANT'S
EXHIBIT LIST

| EXHIBIT NUMBER | Date Marked / Date Admitted | | DESCRIPTION |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

**PLAINTIFF'S** Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

**PLAINTIFF'S** Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

**PLAINTIFF'S** Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

**PLAINTIFF'S** Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

**PLAINTIFF'S** Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

**PLAINTIFF'S** Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

**PLAINTIFF'S** Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

**PLAINTIFF'S** Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

DEFENDANT'S Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

DEFENDANT'S Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

DEFENDANT'S Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

DEFENDANT'S Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

DEFENDANT'S Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

DEFENDANT'S Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

DEFENDANT'S Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number: _____

DEFENDANT'S Exhibit No.: _____

Date Admitted: _____

By: _____
                    Deputy Clerk

CIVIL JURY INSTRUCTIONS

(from Ninth Circuit Manual of Model Jury Instructions, 1993 Ed.)

The following preliminairy instructions will be given before opening statements:

    1.01
    1.02
    1.03
    1.04
    1.05
    1.06
    1.07
    1.08
    1.09
    1.10
    1.11
    1.12
    1.13

Instructions in Chapter 1 (2.01 et seq.) will be given during trial as applicable.


The following instructions will be given at the close of the evidence and before arguments:

    3.01
    3.02
    3.03
    3.05
    3.06
    3.07
    3.08 (as applicable)
    3.10      "
    3.11      "
    3.12      "

The following instructions will be given at the close of arguments and immediately before deliberations:

    3.14
    3.15
    3.13

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *John Hsu v. California Department of Toxic Substances Control, et al.*

No.:    **U.S. District Court, Northern District of California, Case No.  C08-02586 MHP**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 29, 2008, I served the attached **DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at P.O. Box 70550, Oakland, CA  94612-0550, addressed as follows:

John Hsu
P.O. Box 1255
Berkeley, CA 94701

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 29, 2008, at Oakland, California.

| Teresa E. Dueñas | /s/Teresa Dueñas |
|---|---|
| Declarant | Signature |