UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HSU, | No. C 08-02586 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re: Plaintiff's request to reopen case for hearing and request to supplement complaint** |
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and JEFFERY WONG, in his personal capacity | |
| Defendants. | |

Plaintiff John Hsu ("plaintiff") brought this suit against the California Department of Toxic Substances Control ("DTSC") and Jeffery Wong (collectively "defendants") alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Now before this court are plaintiff's requests to: (i) reopen this case for hearing, (ii) supplement his Complaint, (iii) and inspect the DTSC facility. Having considered the parties' arguments and submissions, and for the following reasons, plaintiff's requests are DENIED.

BACKGROUND

On September 22, 2009, this court ordered this matter stayed/administratively closed pending resolution of state and personnel board matters. Docket No. 37. On January 25, 2011, this court ordered that all of "[plaintiff's] property, including but not limited to 18 boxes of material left at plaintiff's former work stations in DTSC in 2007 shall be picked up by [plaintiff] on or before February 28, 2011." Docket No. 45 (Order for preservation of records). On January 31, 2011,

defendant informed plaintiff that the boxes were available for his pick up and that if he did not pick up the boxes by the close of business on February 28, 2011, the contents would be destroyed. Docket No. 51 (Ross Dec.), Exh. C.  In four subsequent letters, defendants offered plaintiff the opportunity to pick up the 18 boxes containing his personal, non-litigation related documents and/or items and reminded that they would be destroyed if not picked up by the close of business on February 28, 2011.  Ross Dec., Exhs. D-G.  Despite these proposals, plaintiff has not picked up the boxes.  Ross Dec., Exh. F.

On February 3, 2011, this court ordered that plaintiff "shall file no further papers with this court except as necessary to reopen only after decision by state agency and or courts hearing this matter and for which a stay was granted."  Docket No. 49 (February 3 Order).  The state court and State Personnel Board matters are still pending resolution.  RG08428583.  *John Hsu v. Bruce LaBelle, Jarnail Garcha, Jeffrey Wong, California Department of Toxic Substances Control.*

DISCUSSION

I.  Request to reopen the case for rehearing

On September 22, 2009, this court ordered this matter stayed/administratively closed pending resolution of state and personnel board matters.  Docket No. 37.  At the January 6, 2011 case management conference in Alameda County Superior Court, defendants requested the existing state court stay be continued so that all petitions for review, including plaintiff's State Personnel Board matter, may be resolved.  RG08428583.  *John Hsu v. Bruce LaBelle, Jarnail Garcha, Jeffrey Wong, California Department of Toxic Substances Control.*  The state court extended the stay and ordered the stay to remain open.  Ross Dec., Exh. A.  The state court and State Personnel Board matters are still pending resolution.  Accordingly, plaintiff's request to reopen the case for hearing is DENIED.

2

II.     Request to supplement complaint

On February 3, 2011, this court ordered that plaintiff "shall file no further papers with this court except as necessary to reopen only after decision by state agency and or courts hearing this matter and for which a stay was granted." February 3 Order. The California State Court and State Personnel Board matters are still pending resolution. RG08428583. *John Hsu v. Bruce LaBelle, Jarnail Garcha, Jeffrey Wong, California Department of Toxic Substances Control.* Accordingly, plaintiff's request to supplement his complaint is DENIED.

III.    Request to permit inspection of DTSC facility

This court held on January 25, 2011 that after "[February 28, 2011] defendants have no further obligation to retain or preserve plaintiff's material or property unless they agree to an extension of this date." Defendants have not agreed to such an extension. Further, plaintiff's request to inspect the DTSC facility is vague, ambiguous, and burdensome on defendants. This court has no authority to order defendants to allow plaintiff to search its facility and troll its files. Since plaintiff no longer works at DTSC, the agency is free to exclude him from its premises. For these reasons, plaintiff's request to vacate the February 28, 2011 deadline and permit inspection of the DTSC facility is DENIED.

CONCLUSION

For the foregoing reasons, plaintiff's requests are DENIED. Plaintiff shall file no further papers or materials in this action until his state case is fully resolved.

Dated: March 4, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3